ALCO PRODUCTS, INC., a Corporation, Appellant,

v.

EAZOR EXPRESS, INC., a Corporation.
No. 14085.

United States Court of Appeals
Third Circuit.

Argued Jan. 11, 1963.

Decided May 15, 1963.

Hamilton A. Robinson, Pittsburgh, Pa. (D. H. Trushel, Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for appellant.

Joseph F. Weis, Jr., Pittsburgh, Pa. (Weis & Weis, Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, HASTIE and GANEY, Circuit Judges.

PER CURIAM.

In this action for negligent injury to property the court below granted a motion to dismiss at the end of the plaintiff's case, ruling that there was no evidence on which the jury could properly find that the defendant's negligence was the proximate cause of the damage suffered by the plaintiff. The defendant's alleged negligence occurred when its driver, making a delivery at plaintiff's plant, drove a truck against a valve, a unit of pipe which carried water to the interior sprinkler system of plaintiff's building. This accident occurred during the morning of February 18th and rendered the sprinkler system temporarily inoperative. The plaintiff promptly undertook to repair the valve but did not complete the job that day. About eleven o'clock that night a fire broke out in the building and destroyed it. This suit is for that loss, it being the plaintiff's theory that, had the sprinkler system not been rendered inoperative, the fire would have been controlled and damage would have been small.

There was no proof of the origin or nature of the fire. There was no proof of the potential effectiveness of the sprinkler system, either generally or in relation to the fire in question. It did appear that the sprinkler system was more than forty years old. There was no proof of its actual operation other than the discharge of water from one sprinkler head in 1924. In these circumstances, any conclusion that, but for the break caused by the defendant, the sprinkler system would in fact have controlled the fire could have been based only upon unwarranted speculation. Therefore, the ruling that, on the question of causation, the plaintiff had not established a sufficient case for submission to the jury must be sustained.

The judgment will be affirmed.